IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                    CAUSE NO.: 4:13CR106-SA

SHANTEL MCCLUNG                                                    DEFENDANT

## MEMORANDUM OPINION

Defendant Shantel McClung has filed a Motion under Section 2255 to Vacate, Set Aside, or Correct Sentence [206] following her criminal conviction in 2014. Finding no error in sentencing, the motion is DENIED.

### Factual and Procedural Background

Shantel McClung entered a plea to three counts of the Indictment and was sentenced to serve a term of 57 months. While she filed a Notice of Appeal shortly after sentencing, she voluntarily dismissed that appeal before briefing was complete.

McClung now seeks to vacate her sentence on the grounds that the Government abused its discretion in failing to file a 5K1.1 motion on her behalf despite her substantial assistance.

### Discussion and Analysis

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). To receive relief pursuant to § 2255, the movant must demonstrate (1) that the sentence imposed violated the Constitution or laws of the United States, (2) that the sentencing court was without jurisdiction to impose the sentence,

(3) that the sentence was in excess of the maximum authorized by law, or (4) that the sentence is otherwise subject to collateral attack. *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

Section 5K1.1 of the U.S. Sentencing Guidelines provides that "[u]pon motion of the government stating that the defendant has provided substantial assistance" in investigating or prosecuting another person, the court may depart from the sentencing guidelines. U.S. Sentencing Guideline Manual § 5K1.1 (2014). A sentencing court has no authority to grant a downward departure on the basis of substantial assistance absent a motion by the government. *United States v. Price*, 95 F.3d 364, 367 (5th Cir. 1996). Section 5K1.1 grants the government the "power, not a duty, to file a motion when a defendant has substantially assisted." *Id.* at 368 (citing *Wade v. United States*, 504 U.S. 181, 184, 112 S. Ct. 1840, 118 L. Ed. 2d 524 (1992)). The court's authority to review the government's refusal to exercise its discretion not to move under § 5K1.1 "is limited to determining whether the refusal was animated by an unconstitutional motive." *Id.*

However, the government may bargain away its discretion under the terms of a plea agreement, and thereby obligate itself to move for a downward departure in exchange for the defendant's substantial assistance. *United States v. Garcia-Bonilla*, 11 F.3d 45, 46-47 (1993); *United States v. Aderholt*, 87 F.3d 740, 742 (5th Cir. 1996). In those cases in which the government has bargained away its discretion, the only remaining inquiry is whether the aid rendered by the defendant constitutes substantial assistance as that term was reasonably understood by the parties at the time that they entered into the plea agreement. *See United States v. Wilder*, 15 F.3d 1292, 1296-97 (5th Cir. 1994); *United States v. Hernandez*, 17 F.3d 78, 81-83 (5th Cir. 1994); *Aderholt*, 87 F.3d at 743 (where government retains discretion under plea

agreement, unnecessary to determine whether defendant's actions amounted to substantial assistance).

Here, the Government retained discretion under the Plea Agreement and Plea Supplement to file or not file a Section 5K1.1 motion on behalf of McClung. McClung's Plea Supplement provided:

> The United States Attorney may before sentencing move the Court for a downward departure under §5K1.1 of the United States Sentencing Guidelines based upon substantial assistance or may file after sentencing a Rule 35 motion to reduce sentence based upon defendant's cooperation. The defendant understands that the decisions whether to move for downward departure or to reduce sentence are entirely in the discretion of the United States Attorney, not the defendant or defendant's attorney, and that the Court can deny in whole or in part either or both of such motions.

Further, her Plea Agreement acknowledged that

> Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to defendant as to what punishment the Court might impose if it accepts the plea of guilty. This agreement, together with the Plea Supplement filed herewith, fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney. The defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The defendant is pleading guilty because defendant is in fact guilty.

Accordingly, the United States Attorney retained discretion to file a motion under §5K1.1; therefore, the Court's inquiry is limited to whether that failure to file was due to an unconstitutional factor.

In the instant Motion, there is an absolute dearth of allegation that the Government's failure to file a 5K1.1 motion was due to an unconstitutional factor. Instead, McClung solely offers reasons that the Government could have considered in favor of filing such a motion. Inasmuch as the Government has broad, though not unlimited, discretion to determine whether or not to file a 5K1.1 motion, the Court is not authorized to review that determination without an

assertion of unconstitutional motive. Accordingly, the Motion to Vacate under Section 2255 is DENIED.

*Conclusion*

The Government retained discretion to file or not file a § 5K1.1 motion. Finding no unconstitutional motive in failing to file that motion, the Court cannot review that decision. Moreover, McClung failed to raise this issue on direct appeal; therefore, this issue is not appropriate for Section 2255 relief. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1693, 155 L. Ed. 2d 714 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Bousley v. United States*, 523 U.S. 614, 621-22, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).

The Motion to Vacate, Set Aside, or Correct Sentence [206] is DENIED.

McClung has also filed a Motion to Change Method by which Balance of Sentence is Served [223] requesting the Court allow her to serve the remainder of her sentence on home confinement. That request is DENIED.

SO ORDERED, this the 12th day of April, 2018.

_/s/ Sharion Aycock_____
**U.S. DISTRICT JUDGE**